UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RADCLIFFE BANCROFT LEWIS,         )
                                  )
           Plaintiff,             )
                                  )
    v.                            )     Civil Action No. 16-2352 (RJL)
                                  )
DISTRICT OF COLUMBIA              )
POLICE DEPARTMENT, *et al.*,      )
                                  )
           Defendants.            )

## MEMORANDUM OPINION

September __20__, 2017

This matter is before the Court on the Motion to Dismiss [ECF No. 14] filed on behalf of the United States Attorney for the District of Columbia, and the Public Defender Service for the District of Columbia's Rule 12(b)(6) Motion to Dismiss Plaintiff's Complaint [ECF No. 3, at 29–34]. For the reasons stated below, the Court grants both motions.

### I. BACKGROUND

Plaintiff's claims arise from his arrest in the District of Columbia, the filing of a misdemeanor criminal charge against him in the Superior Court of the District of Columbia, representation by court-appointed counsel, and his detention by order of the Superior Court while he underwent forensic screening. It appears that plaintiff ultimately was found competent to stand trial, and the criminal charges were dismissed. Plaintiff

1

now purports to bring false arrest, defamation and malicious prosecution claims against the United States Attorney for the District of Columbia ("U.S. Attorney") and the District of Columbia Public Defender Service ("PDS").

Plaintiff makes two "Demands" against the U.S. Attorney:

> 3a  UNITED STATES ATTORNEY FOR THE DISTRICT OF COLUMBIA . . . maliciously prosecuted the warrantless arrest by gambling that [plaintiff] would be found incompetent, and when he was found competent they had no veritable case to advance upon demand, thereby placing [plaintiff] at substantial risk of being unwarrantably deemed a convict. Plaintiff demands seven million dollars, which is US $7,000,000.00.
>
> 3b  UNITED STATES ATTORNEY FOR THE DISTRICT OF COLUMBIA also received the services of, and relied upon the clandestine expertise of one of their own, in CRAIG N. MOORE who infiltrated the criminal defense establishment of the Judicial System to subject [plaintiff] to incarceration in mental institutions in retaliation for challenging the jurisdiction of the criminal court. Plaintiff demands seven million dollars, which is US $7,000,000.00.

Compl. at 6 (emphasis in original). Similarly, the Complaint includes two "Demands" against PDS:

> 8a  DISTRICT OF COLUMBIA PUBLIC DEFENDER SERVICE advanced assertions to the several courts that it is able to affirm to the public that [plaintiff] is in fact the person rightfully charged with a crime, even though in a previous dispute[], this same defendant advanced to the courts that they are not able to affirm to the public that [plaintiff] is in fact the person . . . that it trained to be a criminal defense investigator . . . sufficient to certify [plaintiff] so that he obtains access to commerce by providing litigation support to attorneys and members of the public. Those two assertions by this one defendant cannot be reconciled one to the other. Plaintiff demands fourteen million dollars, which is US $14,000,000.

> 8b   DISTRICT OF COLUMBIA PUBLIC DEFENDER SERVICE certified a career prosecutor holding high office in the UNITED STATES DEPARTMENT OF JUSTICE to be a lowly public defender where he was able to interpose and become a clandestine prosecutor accusing [plaintiff] of being mentally incompetent even while he shielded his identity as the accuser, and pretended to be a defense counsel, thereby exercising overt influence over all parts of a criminal proceeding[.] This is malicious prosecution and it is egregious . . . . Plaintiff demands fourteen million dollars, which is US $14,000,000[,] against the interests jointly of the DISTRICT OF COLUMBIA PUBLIC DEFENDER SERVICE, and CRAIG N[.] MOORE.

*Id.* at 7-8 (emphasis in original).

## II. DISCUSSION

### A. Dismissal Under Rule 12(b)(1)

"Given that [p]laintiff seeks money damages against the United States Attorney, and his claims appear to sound in tort (false arrest and malicious prosecution)," the U.S. Attorney concludes that plaintiff "invoke[s] the Federal Tort Claims Act[.]" Mem. of P. & A. in Supp. of Def.'s Mot. to Dismiss, ECF No. 14 ("Def.'s Mem.") at 3. The U.S. Attorney moves to dismiss plaintiff's first "demand" against him for lack of subject matter jurisdiction. *See id.* at 3-4; Def. U.S. Attorney's Reply to Pl.'s Opp'n to Def.'s Mot. to Dismiss, ECF No. 18 ("Reply") at 2-3.

Subject matter jurisdiction is a requirement of Article III of the U.S. Constitution and federal statute. *See Wilson v. U.S. Dep't of Transp.*, 759 F. Supp. 2d 55, 62 (D.D.C. 2011). It is plaintiff's burden to establish that the Court has subject matter jurisdiction over his claim. *See Khadr v. United States*, 529 F.3d 1112, 1115 (D.C. Cir. 2008).

3

"The United States is generally immune from suit unless there is explicit statutory waiver of its sovereign immunity." *Scruggs v. Bureau of Engraving & Printing*, 200 F. Supp. 3d 78, 82 (D.D.C. 2016) (citation omitted). The Federal Tort Claims Act ("FTCA") is such a waiver, *see id.*, and it renders the United States subject to suit for certain, but not all, tort claims, *see Richards v. United States*, 369 U.S. 1, 6 (1962) (explaining that the FTCA was "designed primarily to remove the sovereign immunity of the United States from suits in tort and, with certain specific exceptions, to render the Government liable in tort as a private individual would be under like circumstances"); *see also* 28 U.S.C. § 2674.

Insofar as plaintiff demands monetary compensation from the United States for having been "maliciously prosecuted" after his "warrantless arrest," Compl. at 6 ¶ 3a, defendant argues, and the Court concurs, that plaintiff must proceed under the FTCA. There are limitations under and exceptions to the FTCA, however, one of which warrants dismissal of plaintiff's claim.

Relevant to this case is the FTCA's so-called "intentional tort exception" which "preserves the Government's immunity from suit for '[a]ny claim arising out of assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights.'" *Millbrook v. United States*, 569 U.S. 50, 52 (2013) (quoting 28 U.S.C. § 2680(h)). The intentional tort exception has an exception of its own, the "law enforcement proviso," which "extends the waiver of sovereign immunity to claims for six intentional torts, including assault and

4

battery, that are based on the 'acts or omissions of investigative or law enforcement officers.'" *Id.* at 52–53(quoting 28 U.S.C. § 2680(h)).

Plaintiff's claim against the U.S. Attorney may proceed only if his cause of action arises from "acts or omissions of investigative or law enforcement officers." 28 U.S.C. § 2680(h). The U.S. Attorney is not considered a law enforcement officer for purposes of the FTCA, *see Hobley v. United States*, No. 07-cv- 0253, 2007 WL 1821157, at *3 (D.D.C. June 25, 2007) (citing *Maine v. United States*, 213 F.3d 705, 710 (D.C. Cir. 2000)), and therefore, the FTCA does not waive sovereign immunity for plaintiff's malicious prosecution and false arrest claims.

*B. Dismissal Under Rule 12(b)(6)*

A plaintiff's complaint need only provide a "short and plain statement of [the] claim showing that [he] is entitled to relief," Fed. R. Civ. P. 8(a)(2), that "give[s] the defendant fair notice of what the . . . claim is and the grounds upon which it rests," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks omitted)). "A Rule 12(b)(6) motion tests the legal sufficiency of a complaint[.]" *Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002). To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). In other words, it "must 'plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Patton Boggs LLP v. Chevron Corp.*, 683 F.3d 397, 403 (D.C. Cir. 2012) (quoting *Iqbal*, 556 U.S. at 678). "[W]here the well-pleaded facts do not permit

5

the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not shown – that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). For purposes of this discussion, the Court construes plaintiff's complaint liberally, *see Kaemmerling v. Lappin*, 553 F.3d 669, 676–77 (D.C. Cir. 2008), and presumes that its factual allegations are true, *see Gray v. Poole*, 275 F.3d 1113, 1115 (D.C. Cir. 2002). With these considerations in mind, the Court concludes that plaintiff's second "Demand" against the U.S. Attorney and both "Demands" against PDS must be dismissed.

Based on the Court's review of the Complaint, there are few factual allegations. These allegations are conclusory, vague, fanciful or otherwise insufficient to state a plausible claim not only against the U.S. Attorney and PDS, but also against the remaining defendants, Craig N. Moore and Russell Hairston.

### III. CONCLUSION

The Court concludes that it lacks subject matter jurisdiction over plaintiff's FTCA claim against the U.S. Attorney, and that the complaint otherwise fails to state claims upon which relief can be granted. Accordingly, the Court grants defendants' motions to dismiss. An Order is issued separately.

RICHARD J. LEON
United States District Judge